IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CR-00196-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TIMOTHY HOUSTON | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's motions for the return of seized property, pursuant to Fed. R. Crim. 41(g), (Doc. Nos. 29, 40), and the government's responses, (Doc. Nos. 31, 41).

The defendant seeks the return of approximately $6,000 in currency named in a forfeiture allegation in the indictment. (Doc. No. 1: Indictment at 4). The defendant contends that the Assistant United States Attorney stated at the plea hearing on February 5, 2008, that the money would be returned with proof that it was obtained from a legal settlement. (Doc. No. 40: Motion at 3). However, the government responds that the AUSA was unaware that the money had already been administratively forfeited on October 23, 2007. (Doc. No. 31: Response at 1-2).

The government has the authority to pursue administrative forfeiture of property worth less than $500,000 otherwise subject to criminal forfeiture in judicial proceedings. United States v. Minor, 228 F.3d 352, 354 (4th Cir. 2000); 19 U.S.C. § 1602 et seq.; 21 U.S.C. § 881(d). Under the Fifth Amendment to the United States Constitution, a court may entertain an equitable action to ensure that the government provided adequate notice of an administrative forfeiture. Minor, 228 F.3d at 356. A court may not, however, consider the merits of a claimant's challenge to such forfeiture. Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005); 18 U.S.C. § 983(e).

Here, the defendant has not alleged that the government failed to comply with the notice requirements of administrative forfeiture; rather, he seeks return of the property under Fed. R. Crim. P. 41(g).  However, § 983(e) provides the exclusive means to challenge a non-judicial forfeiture, and limits the Court's consideration to whether notice requirements were met. <u>Mesa Valderrama</u>, 417 F.3d at 1195.  Therefore, the Court is without authority to consider his claim for the return of the currency.[1]

**IT IS, THEREFORE, ORDERED** that the defendant's motions are **DENIED**.

Signed: October 7, 2013

Robert J. Conrad, Jr.
United States District Judge

---

[1] Additionally, the defendant agreed to the forfeiture of all items seized during the investigation, including assets specifically listed in the Bill of Indictment. (Doc. No. 16: Plea Agreement at ¶¶ 24, 31).